*Charles Curtis agt. Samuel S. Poppino and     [*182]
  John J. Poppino, executors, &c.

Where, on the trial of a cause, it was proved that an acting executor refused to
  pay a note of $700, given to plaintiff, the creditor, signed by the testator as
  surety for another person, and replied that he would not pay him until com-
  pelled by law to do so, and subsequently executed a writing to plaintiff to
  the effect, "that the executors request the holder of the note to delay en-
  forcing collection to enable the principal to provide means to pay it, and we
  certify that the same has been duly presented and is recognized and treated
  as a demand against said estate," and it was also proved that sufficient assets
  came to the hands of the executors. *Held*, that the executors *were liable for
  costs*, although the executors swore that, after the execution of the writing,
  they learned and were advised that they had a good defence to the note on the
  ground of usury. A verdict was rendered for the plaintiff for $491.21, the
  balance due on the note.

*June Term*, 1846.

Motion by the plaintiff for costs in this suit and costs of
motion against the defendants, to be levied of the property of
Daniel Poppino, deceased.

This was a suit brought on a promissory note, executed to
plaintiff by John Borrodaile, Daniel Poppino and Robert
Alsop, the two last named alleged to be sureties. The word
" security" was appended to the name of Robert Alsop only :
defendants pleaded general issue. The cause was tried at the
Wayne circuit on the 29th of April, 1846, and a verdict ren-
dered for plaintiff, against the defendants, of $491.21, the
balance due on the note, which was originally $700. B.
Whiting, circuit judge, gave a certificate, which was annexed
to plaintiff's moving papers, which read as follows : (Title of
the cause.) " Wayne circuit, April 29, 1846. I hereby certify
that it appeared and was proved, on the trial of this cause, on
the part of the plaintiff, that this suit was brought upon a
promissory note executed by Daniel Poppino, deceased, and
others, to the plaintiff, dated July 24, 1840, for $700, payable
on the first day of October then next, upon which there was
due and unpaid, including interest computed to May 4, 1846,
the sum of $491.21 ; that the defendants are the executors of

the said Daniel Poppino, deceased; that letters of adminis
tration upon the personal estate of the said Daniel Poppino,
deceased, were taken out by the said defendants in the year
1841, that the personal property of the deceased which came
into the hands of said executors amounted to $1000 or more;
that the value of the real estate of the deceased was some
$3000 or $4000; that no inventory of the personal or real
estate of the said deceased was ever made or filed; that about
the first of November, 1845, the said plaintiff presented his
said demand to the said Samuel S. Poppino, one of the said
executors, and made demand of payment thereof of him, the
said Samuel S. Poppino; that the said Samuel S. Poppino
refused to pay the same, and replied to said plaintiff that he
would not pay him, the said plaintiff, until compelled
[*183]    by law *to do so." Plaintiff's papers contained a
copy of a writing signed by Samuel S. Poppino, which
read as follows: " Whereas Daniel Poppino, in his lifetime,
became a party to the annexed note, as a surety-maker with
John Borrodaile, to whom it belongs to pay said note; and
whereas the said Borrodaile is not now in a situation to pay
said note, the executors of the estate of the said Daniel Pop-
pino hereby request the holder of said note to delay enforcing
collection thereof, to enable the said Borrodaile to provide
means to pay same; and they hereby certify that the same
has been duly presented, and is recognized and treated as a
demand against the said estate.    Dated March 6, 1843.
(Signed) S. S. Poppino, executor of Daniel Poppino, dec'd."

Defendants' papers stated that Daniel Poppino died on the
4th of July, 1841; that just previous to his death, he in-
formed Samuel S. Poppino that there were no debts against
him.   The heirs and legatees were agreed in the amount and
disposition of the property left by the deceased, and did not
wish to incur the expense of an appraisal, and which they
were advised by the surrogate was not necessary under those
circumstances.   The deceased left but a small amount of per-
sonal property; and Samuel S. Poppino, who was the acting
executor, never received or realized to exceed about $500

from the assets of the estate. It turned out that there were demands existing against the estate, which the executors paid, amounting to between $300 and $400, besides their claim; and there would not probably be realized over about $150 from the personal assets of the estate. The writing executed by Samuel S. Poppino, referred to in the moving papers, was executed at the request of Borrodaile, who called upon the executors with the plaintiff, and informed them that Borrodaile had made an arrangement with the plaintiff to give him time to pay the note; which the plaintiff was willing to do, if Samuel S. Poppino would sign the writing. Subsequently to the execution of the writing, Borrodaile informed S. S. Poppino that the note was usurious and void; and, if prosecuted, he (Borrodaile) should resist the payment of it on that ground. S. S. Poppino stated that no proposition was ever made to refer the claim; that, if such proposition had been made, he would have been willing to have referred it. The reason why he refused to pay the note was, because he was advised by Borrodaile that it was usurious and void, and, if prosecuted, he (Borrodaile) should take the advantage of it, and advised Poppino to do the same. On stating the case to counsel, he, Poppino, was advised that the note was void, and he therefore felt bound to resist the payment of it.

As a further reason for *refusing to pay it, he had no      [*184] assets of the estate to pay it with, or any part of it.

Borrodaile was unable to pay the note, and nothing could be collected of him. No real estate of Daniel Poppino, deceased, was devised to the executors.

M. T. REYNOLDS, *plaintiff's counsel.*

O. H. PALMER, *plaintiff's attorney.*

W. F. ALDRICH, *defendants' counsel and attorney.*

JEWETT, Justice. Held that the defendants were liable for the costs as executors, and granted the motion with $10 costs. It was apparent from the whole case that it came within the statute; "that the claim had been presented, and payment was unreasonably resisted or neglected."